UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CARMELA LYNN JACKSON,<br><br>          Plaintiff,<br><br>     vs.<br><br>BLACKFEET NATIVE AMERICAN<br>BROWNING RESERVATION,  HARRY<br>DUKE OF SUSSEX,  KING CHARLES<br>III,<br><br>          Defendants. | CIV. NO. 23-00070 LEK-WRP |

**ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR
VIOLATION OF CIVIL RIGHTS WITH PREJUDICE AND
DENYING AS MOOT PLAINTIFF'S APPLICATION TO
<u>PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS</u>**

On February 6, 2023, pro se Plaintiff Carmela Lynn Jackson ("Jackson") filed her Complaint for Violation of Civil Rights ("Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 3.] For the reasons set forth below, the Complaint is hereby dismissed with prejudice, and the Application is denied as moot. In other words, Jackson has no claims remaining in this case, and she will not be allowed to file an amended complaint to try to cure the defects in the Complaint that are identified in this Order.

**STANDARD**

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim);[1] Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per

---

[1] Lopez has been overruled, in part, on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

curiam))).  The court also recognizes that
"[u]nless it is absolutely clear that no
amendment can cure the defect . . . a pro se
litigant is entitled to notice of the complaint's
deficiencies and an opportunity to amend prior to
dismissal of the action."  <u>Lucas v. Dep't of
Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995); <u>see also
Lopez v. Smith</u>, 203 F.3d 1122, 1126 (9th. [sic]
Cir. 2000).

Despite the liberal pro se pleading
standard, the court may dismiss a complaint
pursuant to Federal Rule of Civil
Procedure 12(b)(6) on its own motion.  <u>See Omar
v. Sea-Land Serv., Inc.</u>, 813 F.2d 986, 991 (9th
Cir. 1987) ("A trial court may dismiss a claim
<i>sua sponte</i> under [Rule] 12(b)(6).  Such a
dismissal may be made without notice where the
claimant cannot possibly win relief."); <u>see also
Baker v. Dir., U.S. Parole Comm'n</u>, 916 F.2d 725,
727 (D.C. Cir. 1990) (holding that district court
may dismiss cases <i>sua sponte</i> pursuant to
Rule 12(b)(6) without notice where plaintiff
could not prevail on complaint as alleged). . . .
"Federal courts are courts of limited
jurisdiction," possessing "only that power
authorized by Constitution and statute."  <u>United
States v. Marks</u>, 530 F.3d 799, 810 (9th Cir.
2008) (quoting <u>Kokkonen v. Guardian Life Ins.
Co.</u>, 511 U.S. 375, 377 (1994)).  The assumption
is that the district court lacks jurisdiction.
<u>See Kokkonen</u>, 511 U.S. at 377.  Accordingly, a
"party invoking the federal court's jurisdiction
has the burden of proving the actual existence of
subject matter jurisdiction."  <u>Thompson v.
McCombe</u>, 99 F.3d 352, 353 (9th Cir. 1996).

<u>Flores v. Trump</u>, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1

(D. Hawai`i Jan. 12, 2017) (some alterations in <u>Flores</u>) (some

citations omitted), <i>reconsideration denied</i>, 2017 WL 830966

(Mar. 2, 2017).

## DISCUSSION

### I.   Screening of the Complaint

The caption of the Complaint and the Application also
lists Robert Cody Kieffer II ("Kieffer") as a plaintiff.  See
Complaint at PageID.1; Application at PageID.8.  However, the
section of the Complaint identifying the parties only lists
Jackson as the plaintiff.  See Complaint at PageID.2.  According
to the Application, Kieffer is Jackson's son.  See Application
at PageID.9.  Kieffer's age is unclear.  However, even if
Kieffer is a minor, Jackson cannot pursue claims on his behalf
because she is a pro se litigant.  See Johns v. Cnty. of San
Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[W]e hold that a
parent or guardian cannot bring an action on behalf of a minor
child without retaining a lawyer.").  Nor can she pursue claims
on Kieffer's behalf if he is not a minor.  See Leialoha v. Dep't
of Pub. Safety, Civil No. 21-00411 JAO-RT, 2021 WL 5361070, at
*4 (D. Hawai`i Nov. 17, 2021) (some citations omitted) (citing
Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997)
("[W]e are bound by our general holding . . . that a non-lawyer
has no authority to appear as an attorney for others than
himself." (internal quotation marks and citation omitted))).
Thus, to the extent that the Complaint attempts to assert claims
on Kieffer's behalf, those claims must be dismissed.

4

As to Jackson's claims, the defendants named in the Complaint are: Blackfeet Native American Browning Reservation and the person she identifies as its Chief, Marvin Richard Weatherwax Jr.; Harry Duke of Sussex; and King Charles III ("Defendants"), all of whom Jackson alleges are federal officials and state or local officials.  [Complaint at PageID.2-3.]  Jackson alleges her rights under the United States Constitution have been violated by Defendants, who Jackson alleges have been working with the government of the State of Montana and the government of Canada to allow terrorists into the United States.  [Id. at PageID.3-4.]  Jackson alleges these terrorists "raped, molested, beat, robbed, poisoned, jailed, and separated [her] from [her] son" and perpetrated "the worst terrorist bit switching scam on Americans."  [Id. (emphases omitted).]  She also alleges they "forced GMM into [her] to change/switch bit frequencies" and subjected her to "[e]trem [sic] metalloid poision[ing and] extrem [sic] electric shock . . . ."  [Id. at PageID.4-5 (emphases omitted).]

From January 20, 2023 to February 7, 2023, Jackson filed thirteen actions in this district court.  Some of the other cases involved similar allegations of metalloid poisoning, bit switching, and switching frequencies, and those complaints have been dismissed with prejudice.  See, e.g., Jackson v. Indiana, et al., CV 23-00053 DKW-WRP, Order Dismissing Complaint

with Prejudice, filed 2/6/23 (dkt. no. 5) ("CV 23-053 Dismissal
Order"), at 1-2 ("The Complaint is indecipherable.  It
identifies the 'Treaty of Fort Pitt' in 1778, the 'Treaty of
Hopewell' in 1785, codes and 'micro-governmental' societies—
apparently established by defendants—responsible for murdering
millions of heterosexuals, the murder of innocent Native
Americans, electronic tracking of Plaintiff using 'genetically
metalloids', and the 'bitswitching' of Plaintiff's 'frequency',
none of which have any apparent relation to one another."
(footnote omitted)); Jackson v. Markle, et al., CV 23-00060 HG-
RT, Order Denying Application to Proceed in District Court
Without Prepaying Fees or Costs (ECF No. 3) and Dismissing
Complaint with Prejudice (ECF No. 1), filed 2/9/23 (dkt. no. 5)
("CV 23-060 Dismissal Order"), at 1 ("The Complaint is
indecipherable.  It contains unintelligible pleadings and
conspiracy theories about tracking devices and pyramid
schemes."); see also Jackson v. Apling, et al., CV 23-00050 LEK-
KJM, Order Dismissing Plaintiff's Complaint for Violation of
Civil Rights with Prejudice and Denying as Moot Plaintiff's
Application to Proceed in District Court Without Prepaying Fees
or Costs, filed 3/8/23 (dkt. no. 5); Jackson v. Wilson-Jones, et
al., CV 23-00052 LEK-KJM; Order Dismissing Plaintiff's Complaint
for Violation of Civil Rights with Prejudice and Denying as Moot
Plaintiff's Application to Proceed in District Court Without

Prepaying Fees or Costs, filed 3/16/23 (dkt. no. 5).  In CV 23-053 and CV 23-060, the district court concluded that Jackson's allegations were "non-sensical and delusional rants" and that "nothing can be done to cure" her purported claims.  See CV 23-053 Dismissal Order at 2; CV 23-060 Dismissal Order at 2 (using almost identical language).

        In the instant case, even liberally construing Jackson's Complaint, she fails to state a claim upon which relief can be granted.  See § 1915(e)(2)(B).  Further, it is absolutely clear that Jackson cannot cure the defects in her claims by amendment.  See Lucas, 66 F.3d at 248.  Jackson's claims are therefore dismissed with prejudice.  In other words, Jackson will not be allowed to file an amended complaint in this case to try to cure the defects in her claims.

        The claims that Jackson attempts to assert on Kieffer's behalf are the same as the claims that she attempts to assert on her own behalf.  Therefore, although Kieffer - or someone acting on his behalf if he is a minor - could retain counsel to file an amended complaint, allowing him to do so would be futile because it is absolutely clear that Kieffer cannot cure the defects in his claims by amendment.  Kieffer's claims are therefore dismissed with prejudice.

## II.  **Application**

Insofar as the Complaint has been dismissed with prejudice, it is not necessary for this Court to rule on the issue of whether Jackson is entitled to proceed without the prepayment of fees and costs.  Jackson's Application is therefore denied as moot.

### CONCLUSION

On the basis of the foregoing, the Complaint for Violation of Civil Rights, filed February 6, 2023, is HEREBY DISMISSED WITH PREJUDICE, and Jackson's Application to Proceed in District Court Without Prepaying Fees or Costs, also filed February 6, 2023, is DENIED AS MOOT.

There being no remaining claims in this case, the Clerk's Office is DIRECTED to close this case on **April 6, 2023,** unless Jackson files a timely motion for reconsideration of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 22, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

CARMELA LYNN JACKSON VS. BLACKFEET NATIVE AMERICAN BROWNING
RESERVATION, ET AL; CV 23-00070 LEK-WRP; ORDER DISMISSING
PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS WITH
PREJUDICE AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED
IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS